FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/13/2017 11:31 AM
JAMIE SMITH
DISTRICT CLERK
E-200812

CAUSE NO. _____

| | | |
|---|---|---|
| TUNG & DAO, LLC d/b/a ANH DAO MARKET<br>Plaintiff<br><br>VS.<br><br>WILSHIRE INSURANCE COMPANY<br>Defendant | § § § § § § § § § § | IN THE DISTRICT COURT<br><br>_____ JUDICIAL DISTRICT<br><br>OF JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tung & Dao, LLC d/b/a Anh Dao Market ("Plaintiff") and files this *Plaintiff's Original Petition*, complaining of Wilshire Insurance Company ("Defendant"). For cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff, Tung & Dao, LLC d/b/a Anh Dao Market, is a Texas limited liability company conducting business in Jefferson County, Texas.

3. Defendant Wilshire Indemnity Company in a foreign insurance company engaging in the business of insurance in the State of Texas. The defendant may be served with process by

1



certified mail, return receipt requested by serving its president, David Pirrung, at 702 Oberlin Road, Raleigh, North Carolina 27605.

## JURISDICTION

4. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

5. The court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Plaintiff seeks monetary relief over $200,000, but not more than $1,000,000.

## VENUE

6. Venue is proper in Jefferson County, Texas, because the insured property is situated in Jefferson County, Texas. Tex. Civ. Prac. & Rem. Code. § 15.032.

## FACTS

7. Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "Policy"), which was issued by Defendant.

8. Plaintiff owns the insured business property, which is specifically located at 716 9th Avenue (hereinafter referred to as "the Property").

9. Defendant sold the Policy, insuring the Property, to Plaintiff.

10. On October 14, 2015, a fire occurred on the insured property which resulted in severe damage of the building including Plaintiff's property and business. Shortly after the

2


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 2 of 14

storm, Plaintiff filed an insurance claim with Defendant for the damages to its business caused by the fire.

11. Plaintiff submitted a claim to Defendant against the Policy for water damage, fire damage, and contents damage to the Property sustained as a result of the fire.

12. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy.

13. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by the Plaintiff as well as under scoping the damages during its investigation. Additionally, Defendant continues to delay in the payment of the damages to the property. As such, Plaintiff has not been paid in full for the damages to its business.

14. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. In addition, all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

15. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. §541.060(a)(1).

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

3

Page 3 of 14

16. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. §541.060(a)(2)(A).

17. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. §541.060(a)(3).

18. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. §541.060(a)(4).

19. Defendant refused to fully compensate Plaintiff under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. §541.060(a)(7).



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 4 of 14

4

20. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code. §542.055.

21. Defendant failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

23. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith    Page 5 of 14

24. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

25. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

26. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

27. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

28. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

29. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017                              6
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 6 of 14

method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

30. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

31. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

32. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

33. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

34. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 7 of 14

7

35. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

## INTENTIONAL CONDUCT

36. Defendant is liable to Plaintiff for intentional breach of contract as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## FRAUD

37. Defendant is liable to Plaintiff for common law fraud.

38. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant knew were false or made recklessly without any knowledge of its truth as a positive assertion.

39. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

## BREACH OF CONTRACT

40. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

8


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 8 of 14

41. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

42. Defendant's conduct constitutes a breach of the common law duty and good faith and fair dealing owed to insured in insurance contracts.

43. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonably diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

44. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

45. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitutes the producing causes of the damages sustained by Plaintiff.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 9 of 14

9

46. As previously mentioned, the damages caused by the fire rendered Plaintiff's business substantially damaged. Theses damages have not been properly assessed or repaired in the months since the fire, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

47. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of its claim, together with attorney' fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times its actual damages. Tex. Ins. Code §541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

51. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 10 of 14

52. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### CONDITIONS PRECEDENT

53. Plaintiff will show that all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.

### JURY DEMAND

54. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas.

55. Plaintiff's Notice of Claim letter is attached as "Exhibit 1" to this Petition and is being served with this Petition.

### REQUEST FOR DISCLOSURE

56. Plaintiff requests Defendant to disclose all material required by Texas Rule of Civil Procedure 194(a)-(1) within fifty days of service of this petition and request.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 15, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith    Page 11 of 14

11

damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/S/ Phong Vo
**Phong Vo**
Texas Bar No. 24052986
P.O. Box 541328
Houston, Texas 77254
281-781-5390 (telephone)
281-648-4364 (facsimile)
anphvo@gmail.com

**ATTORNEY FOR PLAINTIFF**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 15, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 12 of 14

# LAW OFFICE OF PHONG VO

P. O. Box 541328
Houston, Texas 77254
(281) 781-5390 (telephone)
(281) 648-4364 (facsimile)
anphvo@gmail.com

October 11, 2017

**Via email claims@iatspecialty.com**
Mr. Timi Ayotunde
IAT Insurance Group
P.O. Box 12888
Raleigh, NC 27605

RE:  Claim No.:      169851314208
     Insured:        Tung & Dao, LLC dba Anh Dao Market
     Date of Loss:   10-14-2015
     Policy No.:     CP00169851

Dear Mr. Ayotunde:

As you are aware, our firm represents Tung & Dao, LLC dba Anh Dao, Market in connection with its claim for damages to their business located at 716 9th Avenue, Port Arthur, Texas77642. As you are well aware, my client made a claim against its insurance policy for fire related damages. Wilshire Insurance Company issued the policy to Anh Dao. To this date, Anh Dao has yet to receive full payment under the insurance policy.

My client received several bids for the damages. Tranco Construction bid $128,000 to repair the damage. Action Restoration estimated a total of $90,172.46. The electrical bid was also $25,000. Unfortunately, none of the bids and actual repairs came close to the $48,558.65 that you estimated.

Undoubtedly, you are aware of your liability to my client under the Texas Insurance Code. which specifically covers unfair settlement claims. Specifically, Wilshire is liable to my client for the following violations of Texas Insurance Code §541.060:

(1)  Misrepresenting and/or failing to discuss with Tung & Dao, LLC pertinent facts or policy provisions relating to coverage as an issue;

(2)  Failing to acknowledge, with reasonable promptness, pertinent communications with respect to the claim arising under its policy;

(3)  Failing to adopt reasonable standards for prompt investigation of the claim arising under its policy;

(4)  Not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim submitted in which liability has become reasonably clear;

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 15, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 13 of 14

PLAINTIFF'S
EXHIBIT NO. 1

(5) Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement.

(6) Failing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed; and

(7) Refusing to pay the claims without conducting a reasonable investigation based upon all available information.

Furthermore, the delay in payment to my client is also in violation of Texas Insurance Code § 542.055, *et seq.*, thus triggering liability on your part to pay the amount of the claim, plus damages consisting of eighteen percent (18%) per annum of the amount of the claim, plus prejudgment interest and reasonable attorney's fees.

Accordingly, on behalf of Tung & Dao, LLC, demand is hereby made that within sixty (60) days from receipt of this correspondence, the following amounts be paid:

1. $59,635.48   in economic damages; and
2. $ 7,500.00   for expenses, including attorney's fees, which you should note will increase as we prepare this case for trial.

This demand is made in the spirit of compromise. According to our analysis, this demand represents a tremendous savings to you given your potential exposure under the Texas Insurance Code. Thus, we hope this demand is viewed as a good faith and conservative effort on our part to expeditiously resolve this potential litigation on amicable terms.

If my client's claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover their actual damages, along with damages for mental anguish, prejudgment interest, attorney's fees and breach of the duty of good faith and fair dealing you owe to Tung & Dao, LLC. In addition, please be aware that recovery in the form of treble damages and additional penalties will also be sought.

This correspondence will also serve as notification that, pursuant to the Texas Civil Practice & Remedies Code § 38.001, *et seq.*, you may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with Tung & Dao, LLC. Such payment is a result of my client's retention of our legal services to pursue their remedy for damages and would be paid in addition to the amount of a valid claim for contractual benefits and costs.

If you have any questions regarding this matter or need additional information, please feel free to contact this office. Thank you for your attention to this matter.

Respectfully,

/S/ Phong Vo
Phong Vo
Attorney at Law



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 15, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 14 of 14



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 1854807 Total Pages: 14

In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/13/2017 11:31 AM
JAMIE SMITH
DISTRICT CLERK
E-200812

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED TUNG & DAO LLC V. WILSHIRE INSURANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Phong Vo | Email:<br>anphvo@gmail.com | Plaintiff(s)/Petitioner(s):<br>Tung & Dao LLC | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>P.O. Box 541328 | Telephone:<br>281-781-5390 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77254 | Fax:<br>281-648-4364 | Defendant(s)/Respondent(s):<br>Wilshire Insurance Company | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature:<br>/s/ Phong Vo | State Bar No:<br>24052986 | | |

[Attach additional page as necessary to list all parties]

2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** | |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☒ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: _____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child:<br>_____ | |
| **Employment** | **Other Civil** | | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TUNG & DAO, LLC d/b/a ANH DAO MARKET<br>Plaintiff,<br><br>v.<br><br>WILSHIRE INSURANCE COMPANY<br>Defendant. | § § § § § § § § § § | CIVIL ACTION NO._____<br>JURY DEMANDED |

## AFFIDAVIT

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Mikell A. West, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Mikell A. West. I am one of the attorneys for Defendant Wilshire Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein.

"Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Wilshire Insurance Company's Original Answer filed with the Jefferson County District Clerk in Cause No. E-0200812 on November 20, 2017.

"This factual statement is within my personal knowledge, and is true and correct."

Further affiant sayeth not.

_____
Mikell A. West

SUBSCRIBED AND SWORN TO BEFORE ME by Mikell A. West on this the 20th ___ of November, 2017 to certify which witness my hand and official seal.

CATHERINE LEIGH ZAPATA
Notary Public, State of Texas
Comm. Expires 06-21-2021
Notary ID 131181166

_____
Notary Public, in and for the State of Texas